UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEREMY LEE WEGNER, | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-691-HAB-ALT |
| SHERIFF, | |
| Respondent. | |

**OPINION AND ORDER**

Joseph Albert Novak ("Novak") filed a habeas petition on behalf of Jeremy Lee Wegner ("Wegner"), an individual held at the Elkhart County Corrections Center. (ECF No. 1). Novak did not merely mail a petition signed by Wegner to the court; instead, Novak signed the petition "in [his] capacity as a living man, not as an attorney, agent, next friend, or statutory party." *Id.* at 2. Pursuant to Section 2254 Habeas Corpus Rule 4, the Court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Review of the electronic docket for the state courts[1] indicates that Wegner is in custody pursuant to his conviction and sentence in *State v. Wegner*, 20D04-2304-CM-770 (Elkhart Sup. Ct. filed Apr. 27, 2023). On June 27, 2024, the Elkhart Superior Court held a bench trial, found Wegner guilty of operating a vehicle with a blood alcohol content between .08 and .15—a misdemeanor—and further found that he qualified for a habitual vehicular substance offender sentence enhancement. The trial court sentenced him to sixty days on the misdemeanor and seven

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

years on the sentence enhancement. The Indiana Court of Appeals later affirmed the conviction and the sentence. *Wegner v. State*, 262 N.E.3d 900 (Ind. Ct. App. 2025).

The Court first considers the propriety of allowing Novak to assert claims on Wegner's behalf as a non-attorney.[2] Parties generally do not have standing to seek vindication of another individual's constitutional rights. *Wilson v. Lane*, 870 F.2d 1250, 1255 (7th Cir. 1989). An exception might be allowed if the other individual is unable to assert his rights on his own and if there is a significant and close relationship between the party and the other individual. *Id.* But this describes next friend standing, which Novak expressly disavows. (ECF No. 1, at 3). Moreover, nothing suggests that Wegner is unable to file a federal habeas petition on his own or that Wegner and Novak share a significant and close relationship. To the contrary, the state court docket indicates that Wegner filed a notice with the Elkhart Superior Court as recently as August 12, 2025, so it is unclear why he could not similarly send filings to this Court. Consequently, Novak may not pursue a habeas petition on behalf of Wegner.

The Court has also considered whether to grant Wegner an opportunity to pursue this habeas case on his own rather than immediately dismissing it. The Court declines to do so because the habeas petition does little more than espouse sovereign citizen-type theories. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("These theories should be rejected summarily, however they are presented."). Given the statute of limitations set forth in 28 U.S.C. § 2244(d), Wegner should have ample time to initiate a case by filing a habeas petition on his own. Additionally, this is not the first time the court has rejected Novak's efforts to pursue habeas relief on Wegner's behalf; the court denied Novak's substantially similar efforts in *Wegner v. Sheriff*,

---

[2] While the Court does not know whether Novak is licensed to practice law, he is not admitted to practice before this Court, and he expressly disavows filing this habeas petition in the capacity of an attorney. (ECF No. 1, at 3).

2

3:25-cv-356 (N.D. Ind. May 2, 2025). Thus, to the extent Wegner was aware of Novak's pursuit of habeas relief on his behalf, Wegner should have known that such efforts would be unsuccessful.

Pursuant to Habeas Corpus Rule 11, the Court must also consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging either Novak or Wegner to proceed further with this case.

Finally, the Court cautions Novak against submitting any filings to this court on behalf of other individuals based on his "capacity as a living man" or on any other sovereign-citizen type theories. This order marks the second time the court has informed him that such filings are inappropriate. If Novak continues to submit such filings, he may be subject to sanctions, including fines or filing restrictions.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF No. 1) without prejudice pursuant to Section 2254 Habeas Corpus Rule 4 for lack of standing;

(2) DECLINES to issue a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DIRECTS the clerk to close this case; and

(4) DIRECTS the clerk to send a copy of this Order to both Jeremy Lee Wagner and Joseph Albert Novak.

SO ORDERED on October 20, 2025

                                                            s/ *Holly A. Brady*
                                                            CHIEF JUDGE HOLLY A. BRADY
                                                            UNITED STATES DISTRICT COURT